| | |
|---|---|
| JANE JONES,<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>PI KAPPA ALPHA INTERNATIONAL FRATERNITY, INC.; BRETT HELBERG; DAVID MALINOWSKI; PI KAPPA ALPHA FRATERNITY -- LOCAL CHAPTER MU ZETA at RAMAPO COLLEGE; SKENDER AGIC; JOHN HOGAN; JOSHUA WILLIAM NEWMAN; RAMAPO COLLEGE OF NEW JERSEY; RAMAPO COLLEGE BOARD OF TRUSTEES; VINCENT MARKOWSKI; PETER MERCER; CORY ROSENKRANZ; MELISSA VAN DER WALL; JORDYN MASSOOD; CHRISTOPHER RAINONE; JUSTIN SOMMERS; JOHN/JANE DOES 1-20; and XYZ CORPORATIONS 1-10,<br><br>     **Defendants.** | Civ. No. 2:16-cv-7720-KM-MAH<br><br>**MEMORANDUM and ORDER** |

**MCNULTY, U.S.D.J.:**

Three defendants, Jordyn Massood, Christopher Rainone, and Justin Sommers, have filed a motion to dismiss the complaint (ECF no. 26). Another defendant, Skender Agic has filed a substantially similar motion to dismiss. (ECF no. 31). For the reasons stated herein, the motions will be denied in part and, on consent, granted in part.

## A. Failure to accomplish service within the Rule 4(m) deadline

These four defendants' motions are primarily motions under Fed. R. Civ. P. 12(b)(5) to dismiss the complaint because the plaintiff failed to serve these defendants within 90 days after filing, as required by Fed. R. Civ. P. 4(m).

The complaint was filed on October 21, 2016. The Rule 4(m) deadline for service expired on January 19, 2017. Waivers of service were delivered, but never executed.

The plaintiff's response to the motions was twofold. She filed a memorandum in opposition, and simultaneously moved for an extension of time to accomplish service. (ECF nos. 40, 41, 49, 50) The two, however, are really one; the plaintiff maintained that there was good cause to extend the service deadline, and that once the deadline was extended, the basis for the motion to dismiss would be removed.

Today, Magistrate Judge Hammer filed an Opinion (ECF no. 80) and Order (ECF no. 81) in which, among other things, he granted the plaintiff's motions to extend the time for service. Suffice it to say that Judge found that plaintiff had demonstrated good cause and a reasonable basis for the delay. The record, as surveyed in Judge Hammer's Opinion, will easily bear the interpretation that the defendants have attempted to evade service. As to all four of these defendants, Judge Hammer extended the Rule 4(m) deadline. As to Raimone, who had not yet been served, Judge Hammer authorized substituted service through his attorney of record.

The primary basis for the motions to dismiss—failure to effect service within the Rule 4(m) deadline—has thus been removed. The Rule 12(b)(5) motions to dismiss, insofar as they rest on this basis, are therefore denied.

**B. Failure to state a § 1983, NJCRA, or NJLAD claim**

The four defendants' also assert, in the alternative, that the federal constitutional claims against them under 42 U.S.C. § 1983, as well as the State constitutional claims under the New Jersey Civil Rights Act ("NJCRA"), must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In essence, they state that they cannot be liable for any constitutional violation because they are private parties, not state actors. Likewise, they argue that they cannot be liable for any violation of the New Jersey Law Against Discrimination ("NJLAD").

There is no need to belabor the point. The plaintiff concedes that, although the relevant counts are titled "as to all defendants," she "does not assert constitutional and NJLAD claims against" these four particular defendants. (ECF no. 40 at 27; ECF no. 49 at 18). The plaintiff's concession refers explicitly to Counts 10 ("NEW JERSEY CONSTITUTION AND THE NEW JERSEY CIVIL RIGHTS ACT") and 11 ("HOSTILE EDUCATIONAL ENVIRONMENT Violation of New Jersey's Law Against Discrimination"). Surely Count 9 ("42 U.S.C. § 1983 EQUAL PROTECTION") was intended as well; at any rate, it requires state action, and these defendants, college students, were not affiliated with the state.

## ORDER

For the reasons set forth above, and for good cause shown:

**IT IS** this 14th day of September, 2017,

**ORDERED** that motion of defendants Jordyn Massood, Christopher Rainone, and Justin Sommers (ECF no. 26) and the motion of defendant Skender Agic (ECF no. 31) to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) for failure to make timely service is **DENIED**; and it is further

**ORDERED** that the motion of defendants Jordyn Massood, Christopher Rainone, and Justin Sommers (ECF no. 26) and the motion of defendant Skender Agic (ECF no. 31) to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim is **GRANTED ON CONSENT** to the extent that Counts 9, 10, and 11 are dismissed as against these four defendants only.

**HON. KEVIN MCNULTY, U.S.D.J.**